IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.                                                 OPINION and ORDER

ROCK COUNTY HUMAN SERVICES                   22-cv-519-jdp
DEPARTMENT,

                Defendants.

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that his protected medical information held by Rock County personnel was disclosed in a data breach. Stewart seeks leave to proceed in forma pauperis, and from the financial affidavit he submitted I conclude that he may proceed without prepayment of the filing fee for this case.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Stewart's current allegations fail to state a claim upon which relief may be granted. I will give him an opportunity to file an amended complaint.

Stewart alleges that in late June 2022 Rock County's files were hacked in a cyberattack, allowing disclosure of Stewart's health information. But that's the extent of Stewart's factual allegations. The rest of his complaint discusses various legal concepts such as qualified immunity. But his allegation that Rock County was hacked itself does not state a claim for

federal relief. It was the hacker, not Rock County, who disclosed Stewart's information. If what Stewart means is that Rock County failed to stop the disclosure, he doesn't include allegations suggesting that the data breach was the result of anything other than the county's negligence in failing to keep the files secure. Stewart seeks to proceed on a constitutional claim under 42 U.S.C. § 1983, but "negligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Stewart also suggests that the county violated the Health Insurance Portability and Accountability Act (HIPAA) by allowing his records to be hacked, but individuals cannot sue to enforce their rights under HIPAA. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019).

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Because Stewart's current allegations are so sparse, it remains possible that he could add allegations stating a federal claim for relief about the data breach. So I will Stewart a short time to submit an amended complaint. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Stewart should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals or entities that he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Stewart files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Lee Stewart's complaint is DISMISSED.

2. Plaintiff may have until October 24, 2022, to submit an amended complaint as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

Entered October 4, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge